BUXÓ, PLAINTIFF AND APPELLANT, *v.* MUNICIPAL ASSEMBLY OF CAGUAS, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Humacao *in Re* a Memorandum of Costs.

No. 2432.—Decided May 31, 1921.

ATTORNEY AND CLIENT—COSTS—ATTORNEY FEES.—The fact that an attorney is employed by a client at a fixed monthly or yearly salary does not preclude

the said client, in an action in which costs are allowed, from recovering from the adverse party a sum of money representing the value of the services of the attorney.

The facts are stated in the opinion.

*Mr. C. B. Buitrago* for the appellant.

*Mr. J. Vendrell* for the appellee.

Mr. Justice Hutchison delivered the opinion of the court.

The facts involved and the reasons for the ruling complained of are stated by the trial judge as follows:

"By a judgment of June 18, 1920, the petition in certiorari presented in this case was denied and the preliminary writ was discharged with costs upon the plaintiff. He appealed to the Supreme Court and the appeal was dismissed by an order of January 18, 1921.

"The defendant has filed a memorandum of costs amounting to three hundred and fifty-five dollars ($355), which was opposed by the plaintiff only as regards the attorney's fees, 1st, because the attorney representing the Council was a municipal employee with a fixed monthly salary, and, 2nd, because the sum of three hundred and fifty dollars ($350) for fees is excessive, inasmuch as the work done at most is worth one hundred dollars ($100).

"The item of five dollars ($5) for clerk's fees, which has not been objected to, is approved.

"Costs in this suit were allowed the defendant, the Municipal Council of Caguas, and the said party is entitled to receive from the losing party, plaintiff Francisco Villafañe, an amount equivalent to the value of the services rendered by the attorney. Section 327 of the Code of Civil Procedure as amended in 1917. The fees are not for the attorney, but for the party whom he represents, and the fact that in this case the municipal council employed the services of attorney Joaquín Vendrell, who was a law clerk of the municipality from December 23, 1919, to June 30, 1920, with a monthly salary of $100, does not prevent it from recovering a reasonable amount for his services.

"The item of three hundred and fifty dollars ($350) for attorney's fees is reduced to two hundred dollars ($200), which sum the court deems reasonable under the circumstances and after considering the record in this case."

The theory of the appeal is indicated by the following extract from appellant's brief:

"We assign as sole error committed by the District Court for the Judicial District of Humacao, P. R., its interpretation of section 327 of the Code of Civil Procedure as amended by Act No. 38 of April 12, 1917."

"On that interpretation is based the decision appealed from, as follows:

" ' * * * the fact that in this case the municipal council availed itself of the services of attorney Joaquín Vendrell who was a Law Clerk of the Municipality from December 23, 1919, to June 30, 1920, with a monthly salary of one hundred dollars, does not prevent it from recovering a reasonable sum for his services.' (Page 5 of the transcript.)

"The law in force upon the matter above mentioned reads as follows:

" 'Section 327.—Parties * * * 'In all cases where costs have been allowed to one party in an action or proceeding in a district court, said party shall, in the discretion of the district court, be entitled to receive from the defeated party an amount representing the value of the services of his attorney or a part of such amount; *Provided,* * * * .'

"The letter and spirit of the statute quoted can not be other than to allow the successful party in a suit to recover from the losing party the value of the services of his attorney, or a part thereof, but never a larger sum than that received by the attorney. To allow the successful party to recover from the losing party a larger sum than was paid by him would not be an imposition of costs and disbursements, but rather a judgment for compensation proportionate to the difference between the two amounts."

We quite agree with appellant that the amount allowed as attorney's fees should represent the value of the services rendered; and for the purpose of this opinion it may be conceded that ordinarily at least such amount should not exceed the sum actually received by the attorney, or in fact due and owing to him. But in the instant case there is nothing whatever to show any such excess. Assuming for the sake of argument that compensation for the services in question was

included in the salary of $1,200 per annum, if the time and labor devoted to this matter in the district court extended over a period of two months or more, or otherwise represented approximately one-sixth of the work done or to be done during the year, then, as a matter of simple arithmetic, it would seem to follow that the municipality in fact paid at least $200 for the services so rendered.

In any event, no authority is cited in support of the proposition that the mere employment of an attorney by the month or by the year at a fixed monthly or yearly salary is a bar to the right conferred by law upon a client "to receive from the defeated party an amount representing the value of the services of his attorney or of part of such amount," and until some such authority is produced we are constrained to take the contrary view.

The order appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Del Toro and Aldrey concurred.